UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON
Case No. 3:08-CV-781-J-34JRK

MICHAEL N. PHAN,

    Plaintiff,

vs.

HSBC BANK USA, N.A. and
EQUIFAX, INC., TRANS UNION, L.L.C.,

    Defendant(s).
_____/

### HSBC BANK USA, N.A.'S MOTION TO DISMISS MICHAEL N. PHAN'S COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED AND SUPPORTING MEMORANDUM OF LAW

Defendant, HSBC BANK USA, N.A. ("HSBC"), by and through its undersigned counsel and pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*, hereby moves this Court to enter an order dismissing the Complaint filed against HSBC[1] by the Plaintiff, MICHAEL N. PHAN ("Plaintiff"), and as grounds therefore states as follows:

### I. BACKGROUND FACTS

1. Plaintiff alleges that on or about May 22, 2003, HSBC issued a credit card with account number 5489 5551 0828 1579 (the "Account") to an imposter, who stole Plaintiff's identity to open the Account. *See* Complaint at ¶ 11.

2. Plaintiff alleges that he first discovered the alleged theft when Coggin Toyota of the Avenue accessed his credit report in connection with an application for

---

[1] It should be noted that the proper defendants to this action are HSBC Bank Nevada, N.A., the originator of the account, and HSBC Card Services Inc., the servicer of the account. However, due to the fact that a motion to dismiss is limited to an evaluation based within the four corners of the complaint, HSBC raises its arguments contained herein assuming, for purposes of this motion only, that it is the proper party.

financing of an automobile. *See* Complaint at ¶ 18. Specifically, Plaintiff alleges that his credit application was denied "based in whole or in part on information obtained in a report from" Trans Union, Equifax, and/or Experian (the "Consumer Reporting Agencies"). *See* Complaint at ¶¶ 19 - 26.

3. Plaintiff was extended credit by Drive Financial Services, Inc., but alleges that the terms and conditions were not favorable to Plaintiff. *See* Complaint at ¶ 27.

4. Allegedly, after discovering the identity theft, Plaintiff purchased copies of his credit report from the Consumer Reporting Agencies that reported the Account with HSBC as "charge off" and "seriously delinquent." *See* Complaint at ¶ 28.

5. Plaintiff further alleges that the credit reports revealed other inaccurate and incomplete information relating to other items contained within Plaintiff's credit files. *See* Complaint at ¶ 28.

6. After reviewing his credit report, Plaintiff sent a letter to HSBC disputing the Account's validity and asserting that the Account "may be a fraudulent account." *See* Complaint at ¶ 29.

7. The remaining allegations in Plaintiff's Complaint detail a series of communications between the parties outlining the investigation and review of Plaintiff's Account. *See* Complaint at ¶¶ 29 - 89.

8. On or around September 26, 2008, HSBC Bank USA, N.A. ("HSBC") was served with Plaintiff's Complaint. Plaintiff's Complaint asserts the following five (5) causes of action against HSBC:  (1) Violation of Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §§1681s-2(b)(1) and 1681s-2(b)(2); (2) Violation of the FCRA

pursuant to 15 U.S.C. §1681(m)(f); (3) Invasion of Privacy; (4) Defamation; and (5) Violation of Fair Credit Billing Act ("FCBA").

## II. MOTION TO DISMISS[2]

9.  HSBC moves to dismiss Count I of Plaintiff's Complaint pertaining to HSBC's alleged violation of the FCRA because: (1) Plaintiff has no private right of action against HSBC under the FCRA; and (2) Plaintiff failed to allege HSBC's willful and/or negligent violation of the FCRA

10. HSBC moves to dismiss Count II of Plaintiff's Complaint because Plaintiff has no private right of action against HSBC under the FCRA.

11. HSBC moves to dismiss Count III and Count IV of Plaintiff's Complaint, because both counts are preempted by the FCRA and Plaintiff has failed to plead the prima facie elements for Invasion of Privacy, False Light or Defamation.

12. HSBC moves to dismiss Count V of Plaintiff's Complaint for his failure to state a cause of action upon which relief may be granted pursuant to the FCBA.

## III. MEMORANDUM OF LAW

### A. Motion to Dismiss Standard

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). To determine the merits of a Rule 12(b)(6) motion to dismiss, the Court should take the factual allegations of the Complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations

---

[2] The remaining counts of Plaintiff's Complaint not addressed herein are not brought against HSBC and will not be addressed in HSBC's Motion to Dismiss.

or legal conclusions masquerading as factual conclusions will not suffice to prevent the entry of an order dismissing the complaint. *See Fernandez-Montes*, 987 F.2d at 284.

At a minimum, the Federal Rules of Civil Procedure require, "a short and plain statement of the claim showing that the pleader is entitled to relief" and "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Erikson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). To survive a motion to dismiss; however, a plaintiff may not merely "label" his or her claims. *See Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1363 (M.D. Fla. 1999). When, on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action, dismissal of the complaint is appropriate. *See Geidel*, 56 F. Supp. 2d at 1363; *see also Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991).

**B. Count I of Plaintiff's Complaint should be dismissed for Failure to State a Claim under the FCRA.**

*i. Plaintiff does not have a private right of action against HSBC pursuant to the FCRA.*

**a. As a condition precedent to a private right of action, Plaintiff fails to allege that HSBC did not conduct a reasonable investigation after receiving notice from a consumer reporting agency.**

Plaintiff does not have a private right of action against HSBC pursuant to the FCRA. The rationale for this is that a consumer seeking to enforce § 1681s-2(b) of the FCRA should look to consumer reporting agencies for redress, not to the alleged furnisher of information. However, Section 1681s-2(b) requires a furnisher of information to conduct a reasonable investigation into an account within thirty (30) days of receiving notice of a consumer dispute from a Consumer Reporting Agency in

4

accordance with §1681i(a)(2)[3]. *See Robinson v. Speedway Superamerica LLC*, 2005 WL 4930830 * 18 (11th Cir. 2005); *see also Rambarran v. Bank of America Corporation*, 2007 WL 2774256, *4 (S.D. Fla. 2007); *Green v. RBS Nat. Bank*, 2008 WL 2957118 *1 (11th Cir. 2008). A furnisher of information does not have a duty under § 1681s-2(b) to investigate disputed information reported directly by the consumer. *See Allmond v. Bank of America*, 2008 WL 205320 *7 (M.D. Fla. 2008) (Court dismissed plaintiff's claim against a furnisher of information pursuant to §1681s-2(b) for failure to allege facts that demonstrate that the requisite notice was given.") It is the furnisher of information's failure to conduct a reasonable investigation after receiving the requisite §1681s-2(b) notice from a Consumer Reporting Agency that provides a consumer with a private cause of action. *See id.*

Here, Plaintiff's Complaint is devoid of any allegations that a Consumer Reporting Agency provided §1681s-2(b) notice to HSBC after the Consumer Reporting Agency was notified by Plaintiff. In fact, Plaintiff's allegations clearly state that the Consumer Reporting Agencies failed to notify HSBC. *See* Complaint at ¶¶ 47, 49, 50, 55, and 67. Additionally, Plaintiff merely asserts that he contacted HSBC multiple times. However, as explained above, notice from the consumer alone is not enough to trigger a furnisher of information's duties under § 1681s-2(b). Therefore, HSBC respectfully requests that the Court enter an Order dismissing Count I of Plaintiff's Complaint because Plaintiff does not have a private cause of action against HSBC under the FCRA.

---

[3] §1681i(a)(2) requires prompt notice of a consumer dispute to a furnisher of information. More specifically, "[b]efore the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller." 15 U.S.C. §1681i(a)(2).

### b.  HSBC retained no obligation to the Plaintiff pursuant to the FCRA once HSBC sold the Account to a third party.

HSBC sold Plaintiff's Account to RJM Acquisitions, LLC ("RJM") and informed Plaintiff on or about September 4, 2007 that HSBC was no longer the owner of the Account. *See* Complaint at ¶ 62. Plaintiff asserts that on or about October 26, 2007, he brought suit against RJM and Trans Union, which resulted in a settlement between the parties.[4] *See* Complaint at ¶¶ 71, 72, and 73. Furthermore, nearly four months after HSBC sold the Account to RJM; Plaintiff alleges that he received a letter from HSBC dated January 2, 2008. This letter specifically states that HSBC: (1) received notification of Plaintiff's dispute from Trans Union; (2) researched the disputed Account records, and (3) determined that the Account was sold to RJM and reflected a zero balance. *See* Complaint at ¶ 77. Additionally, the Plaintiff alleges that the Account and presumably all liability was sold to RJM, but the Plaintiff failed to plead under what theory of law HSBC bears residual or direct liability for Plaintiff's claims. Based on the foregoing, HSBC, as a former owner of the Account, had no obligation to Plaintiff under the FCRA because by Plaintiff's own admissions HSBC was not provided with §1681s-2(b) notice while it was the Account's owner.

Further, assuming *arguendo* that HSBC received notice while HSBC was the Account's owner, the courts have held that the FCRA only requires the furnisher of information "to conduct a reasonable investigation of their records." *See Agostinho v. Capital Once* Services, 2007 WL 2113602 * 2 (S.D. Fla. 2007) *quoting Jognson v. MBNA Am. Bank, N.A.*, 357 F. 3d 426, 431 (4th Cir. 2004). Thus, a furnisher of

---

[4] However, the court records reflect that Plaintiff actually brought suit against RJM on September 9, 2007, just four days after Plaintiff was informed of RJM's ownership of Plaintiff's account. This is just another example of the inconsistency of Plaintiff's allegations seen throughout his Complaint against HSBC.

information's conduct is not actionable unless the conduct was unreasonable. Here, Plaintiff specifically cites to numerous letters written by HSBC.[5] More specifically, these letters indicate that HSBC investigated Plaintiff's dispute, requested additional information from Plaintiff, verified the disputed information, and notified Plaintiff that HSBC was no longer the owner of the Account.[6] *See* Complaint at Exhibits "G", "J", "T" and "X". In short, HSBC completely complied with the FCRA by investigating the dispute even though HSBC was under no obligation to conduct an investigation.

The gravamen of Plaintiff's Complaint is not that HSBC failed to conduct a reasonable investigation, but rather that HSBC reached a result other than that demanded by Plaintiff. In turn, 15 U.S.C. §1681 does not create a private cause of action for the results of a reasonable investigation, only for a failure to investigate. As set forth above, Plaintiff cannot allege that HSBC violated 15 U.S.C. § 1681. Specifically, Plaintiff failed to plead the requisite condition precedent, namely that the Consumer Reporting Agencies ever placed HSBC on §1681s-2(b) notice. Therefore, for the foregoing reasons, HSBC respectfully requests that the Court enter an Order dismissing Count I of Plaintiff's Complaint because Plaintiff does not have a private cause of action against HSBC under the FCRA.

### ii. Plaintiff failed to allege HSBC's willful and/ or negligent violation of the FCRA

Count I of Plaintiff's Complaint alleges that HSBC violated 15 U.S.C. §1681n and §1681o of the FCRA by engaging in conduct that violated 15 U.S.C. §1681s-2(b).

---

[5] For example, Plaintiff alleges that he sent a letter to HSBC on May 21, 2007 in which HSBC responded on July 10, 2007. *See* Complaint at ¶¶ 45 and 52. Plaintiff further alleges that he sent a letter to HSBC on July 19, 2007 in which HSBC responded sometime in August of 2007. *See* Complaint at ¶¶ 53 and 56. Plaintiff also alleges that he sent a letter to HSBC dated September 26, 2007 in which HSBC responded on October 12, 2007. *See* Complaint at ¶¶ 63 and 69.

[6] Plaintiff's allegations are inconsistent as Plaintiff specifically pled that HSBC investigated the Account yet Plaintiff's claims are based on HSBC's alleged failure to investigate.

Sections 1681n and 1681o of the FCRA provide for civil liability for both willful and negligent noncompliance with §1681s-2(b).  *See* 15 U.S.C. §§1681n and 1681o.  As stated above, not only does Plaintiff fail to state a cause of action supporting a purported violation of 15 U.S.C. §1681s-2(b), but Plaintiff also fails to allege HSBC's willful or negligent noncompliance with the FCRA.  In order to show willful noncompliance with the FCRA, Plaintiff must show that HSBC "knowingly and intentionally committed an act in conscious disregard for the rights of others."  *See Soroka v. Homeowners Loan Corp.*, 2008 WL 4031347 * 2 (M.D. Fla. 2008) *quoting Bakkar v. McKinnon,* 152 F. 3d 1007, 1013 (8th Cir. 1998).  Here, Plaintiff fails to allege any facts establishing a basis for such a willful violation.  Plaintiff's allegations are woefully insufficient to show that HSBC knowingly and intentionally disregarded the Plaintiff's rights.  *See Gill v. Kostroff,* 2000 WL 141258 * 3 (M.D. Fla. 2000) *quoting Morris v. Ross*, 663 F. 2d 1032, 1034 (11th Cir. 1981). In fact, Plaintiff pled that HSBC, among other things, was responsive, sent letters, investigated, and requested information.  As such, the gravamen of Plaintiff's Complaint is not a failure to investigate, but a claim that HSBC came to a different result than that demanded by Plaintiff.

Moreover, the allegations necessary to support a claim for willful violations of the FCRA are identical to the allegations necessary to support a claim for punitive damages under the FCRA.  *See* 15 U.S.C. §1681n.[7]  As explained above, Plaintiff's inconsistent and conclusory pleadings fail to state a cause of action.  Consequently, Plaintiff has failed

---

[7] 15 U.S.C. §1681n(a) provides, in relevant part, that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. §1681n(a)(2) also provides for "such amount of punitive damages as the court may allow."

8

to state a basis for statutory or punitive damages on the part of HSBC. Accordingly, Plaintiff's claims for statutory and punitive damages must be stricken.

Plaintiff also fails to allege that HSBC was negligent in failing to comply with the requirements of §1681s-2(b). In fact, as stated above, Plaintiff's allegations indicate that HSBC: (1) maintained communication with Plaintiff; (2) promptly informed Plaintiff of the progress of the investigation; and (3) requested additional information from Plaintiff. As such, Plaintiff's conclusory allegations that HSBC negligently violated each requirement under §1681s-2(b) are insufficient to state a claim under §1681n of the FCRA, especially when such allegations are in direct conflict with the facts alleged by Plaintiff. *See Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 501 (Fla. 3d DCA 1994) ("A party does not properly allege a cause of action by alleging in conclusive form, which tracks the language of the statute, acts which lack factual allegations and merely state bare legal conclusions.")

Based on the foregoing, HSBC contends that the Plaintiff has failed to state a cause of action against HSBC under 15 U.S.C. §§1681n or 1681o. Thus, HSBC respectfully requests that this Court enter an Order dismissing Count I of Plaintiff's Complaint for failure to state a cause of action upon which relief may be granted.

**C. Count II of Plaintiff's Complaint should be Dismissed because Plaintiff has no Private Right of Action under the FCRA**

Count II of Plaintiff's Complaint should be dismissed because Plaintiff has no private right of action under the FCRA. Plaintiff's Complaint alleges that HSBC violated §6215f of the FCRA, which has been codified as 15 U.S.C. §1681m(f). 15 U.S.C. §1681m sets forth requirements of <u>users</u> of consumer reports. Here, Plaintiff fails to

plead that HSBC is a user of consumer reports[8] within the meaning of 15 U.S.C. §1681m or to allege any facts showing that HSBC ever used consumer reports containing credit information in violation of 15 U.S.C. §1681m. Thus, HSBC respectfully requests that this Court enter an Order dismissing Count II of Plaintiff's Complaint for failure to state a cause of action upon which relief may be granted.

Further, assuming *arguendo* that Plaintiff alleged that HSBC is a user of consumer reports; Count II of Plaintiff's Complaint must still be dismissed for failure to state a cause of action. Plaintiff alleges that HSBC violated 15 U.S.C. §1681m(f):

> No person shall sell, transfer for consideration, or place for collection a debt that such person has been notified under section 1681c-2 of this title has resulted from identity theft.

15 U.S.C. §1681m(f). However, the enforcement provision of this subsection, 15 U.S.C. § 1681m(h)(8), provides that "sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section" and specifically states that no civil actions may be brought. Thus, based on the clear statutory language, the Plaintiff does not have a private right of action under 15 U.S.C. §1681m. Thus, HSBC respectfully requests that this Court enter an Order dismissing Count II of Plaintiff's Complaint for failure to state a cause of action upon which relief may be granted.

**D. Counts III and IV of Plaintiff's Complaint should be Dismissed for Failure to State a Cause of Action.**

*i. Plaintiff's state law claims for invasion of privacy and defamation are preempted by the FCRA.*

Plaintiff's state law claims for invasion of privacy and defamation are preempted by the FCRA, which specifically states:

---

[8] It should be noted, as explained above, that Plaintiff has only alleged that HSBC is a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA. *See* Complaint ¶¶ 6, 92, and 99. Plaintiff has failed to allege that HSBC is a user of consumer reports.

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). As such, where a company furnishes credit information about a consumer to a credit reporting agency pursuant to the FCRA, the company furnishing the information is protected from state law invasion of privacy and defamation claims unless the information it provided was both false and given with the malicious or willful intent to damage the consumer. *See Allmond v. Bank of America*, 2008 WL 205320 * 7-8 (M.D. Fla. 2008). Here, Plaintiff's state law claims against HSBC are based solely on the information HSBC communicated to certain consumer reporting agencies about his account. Moreover, Plaintiff's Complaint does not contain allegations that the communication HSBC allegedly made was done "with malice or willful intent to injure such consumer." Accordingly, because Plaintiff fails to allege that HSBC made statements to the credit reporting agencies maliciously with intent to injure, Plaintiff's state law claims against HSBC are precluded by §1681h(e)[9] of the FCRA.

Moreover, pursuant to §1681(t)(b)(1)(F), the FCRA general preemption provision does not allow any interference from the state's laws:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . §1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . .."

---

[9] § 1681h(e) provides that "[e]xcept as provided in Sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

11

15 U.S.C. §1681t(b)(1)(F). Thus, §1681t(b)(1)(F) "does not allow for state law prohibitions or requirements which relate to the responsibilities of furnishers of information to consumer reporting agencies." *See Allmond v. Bank of America*, 2008 WL 205320 * 7 (M.D. Fla. 2008). Accordingly, HSBC respectfully requests that this Court enter an Order dismissing Counts III and IV of Plaintiff's Complaint because Plaintiff's state law claims for invasion of privacy and defamation are preempted by the FCRA.

> *ii. Alternatively, the Plaintiff failed to set forth the prima facie elements for invasion of privacy and defamation causes of action.*

Although Plaintiff's causes of action are preempted by the FCRA, alternatively, HSBC contends that Counts III and IV of Plaintiff's Complaint fail to set forth the requisite elements for invasion of privacy and defamation. To establish a prima facie case for defamation, Florida law requires the Plaintiff to allege: (1) that defendant published false and defamatory statement of and concerning plaintiff; (2) that such statement was communicated to third party without reasonable care as to whether the statement was true or false; and (3) that plaintiff suffered actual damages as result of publication. *See Molenda v. Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, 1303 (S.D. Fla. 1999) *quoting Miami Herald Publishing Co. v. Ane,* 423 So. 2d 376, 388 (Fla. 3d DCA 1982). Here, Plaintiff has failed to set forth and plead each of these elements.

Additionally, to establish a prima facie case for false light invasion of privacy, Florida law requires the Plaintiff to allege: (1) the false light is "highly offensive to a reasonable person"; and (2) that the defendant's statements were made knowingly or in reckless disregard to their falsities. *See Harris v. District Bd. of Trustees of Polk Community College*, 9 F. Supp. 2d 1319 (M.D. Fla. 1998). Here, Plaintiff has failed to set forth and plead each of these elements. Therefore, HSBC respectfully requests that

12

this Court enter an Order dismissing Counts III and IV of Plaintiff's Complaint because Plaintiff has failed to state a claim upon which relief may be granted.

### E. Count V of Plaintiff's Complaint fails to State a Cause of Action for Violation of the FCBA.

Count V of Plaintiff's Complaint fails to state a cause of action for violation of the FCBA. In order to state a claim for violation of the FCBA, Plaintiff's Complaint must contain a short and plain statement of facts that constitute the violation so that HSBC can frame a reasonable response as required by Rule 8(a)(2), *Federal Rules of Civil Procedure*. However, Plaintiff's Complaint fails to meet this minimal threshold and also fails to allege which FCBA provision HSBC violated. Rather, Plaintiff merely alleges, in a conclusory fashion, that HSBC violated the FCBA by its refusal to conduct an investigation, provide Plaintiff with billing records and reported false account information to the Consumer Reporting Agencies without notifying Plaintiff. Plaintiff further alleges that HSBC "failed to comply with billing errors disputed within 60 days upon receipt of a billing error dispute from Plaintiff." *See* Complaint at ¶¶ 118 and 119. Therefore, HSBC respectfully requests that this Court enter an Order dismissing Count V of Plaintiff's Complaint because Plaintiff has failed to satisfy it's pleading and notice requirements.

From the face of Plaintiff's Complaint, it appears as if the Plaintiff is attempting to allege that HSBC violated 15 U.S.C. §1666 as it is the only provision under 15 U.S.C. § 1666 et. *seq.* that addresses a creditors' duties in regard to billing errors. Therefore, for the purposes of this Motion only, HSBC will assume that this is the statutory section upon which Count V of Plaintiff's Complaint is based. 15 U.S.C. §1666 provides, in relevant part, that:

> [a] creditor, within sixty days after having <u>transmitted to an obligor a statement of the obligor's account</u> in connection with an extension of consumer credit, receives <u>at the address disclosed under section 1637(b)(10)</u>[10] of this title a written notice … from the obligor in which the obligor:
>
> **(1)** sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,
>
> **(2)** indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and
>
> **(3)** sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error,
>
> the creditor shall…[11]

15 U.S.C. §1666. However, HSBC's obligations under §1666 are not triggered unless within sixty (60) days of transmitting a billing statement to the obligor, HSBC receives a written notice from Plaintiff detailing the alleged error at the address to be used by the creditor for the purpose of receiving billing inquiries from the obligor. *See* 15 U.S.C. § 1666, *see also* 15 U.S.C. § 1637(b)(10). Thus, in order for §1666 to be triggered, HSBC must: (1) transmit a billing statement to the obligor; and (2) HSBC must receive written notice from the obligor detailing the alleged billing error at the address specified in the billing statement.

---

[10] Section 1637(b)(10) provides that the billing statement must include the address to be used by the creditor for the purpose of receiving billing inquiries from an obligor. 15 U.S.C. § 1637(b)(10).

[11] 15 U.S.C. §1666 further provides, the creditors obligations once triggered by receiving a written dispute to the specified address which include: (A) send a written acknowledgment thereof to the obligor, and (B) not later than two complete billing cycles of the creditor (in no event later than ninety days) after the receipt of the notice and prior to taking any action to collect the amount, or any part thereof, indicated by the obligor under paragraph (2) either (i) make appropriate corrections in the account of the obligor, including the crediting of any finance charges on amounts erroneously billed, and transmit to the obligor a notification of such corrections and the creditor's explanation of any change in the amount indicated by the obligor under paragraph (2) and, if any such change is made and the obligor so requests, copies of documentary evidence of the obligor's indebtedness; or (ii) send a written explanation or clarification to the obligor, after conducting an investigation, setting forth, to the extent applicable, the reasons why the creditor believes the account of the obligor was correctly shown in the statement and, upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness. However, as explained, HSBC never received written notice from Plaintiff disputing said Account at the specified address for billing inquires and therefore its duties under 15 U.S.C. §1666 were not triggered.

First, Plaintiff fails to plead that HSBC ever transmitted a statement to Plaintiff with Plaintiff as an intended obligor. This is the primary condition precedent of 15 U.S.C. §1666(a). Rather, Plaintiff pled that he first became aware of the Account after Coggin Toyota accessed his credit files in connection with an application for financing and purchase of an automobile. *See* Complaint at ¶¶ 19 - 27. 15 U.S.C. §1666 is a Federal Statute designed to protect consumers from billing errors contained in billing statements actually transmitted to obligors. The statute does not address "investigations" in connection with fraudulent accounts when a billing statement has not been transmitted to the obligor.

Second, the address designated in the billing statement from HSBC for all billing inquires is HSBC CARD SERVICES, P.O. Box 80084, Salinas, CA, 93912-0084. Accordingly, in order to trigger §1666 obligations, HSBC would have had to receive written notice of the alleged billing errors at Post Office Box 80084, Salinas, CA 93912-0084. Even though Plaintiff asserts that he sent six letters to HSBC disputing the Account, none of these letters were sent to the specified address.[12] Plaintiff has not and cannot plead that he sent written notice to the statutory required address used by HSBC for the purpose of receiving billing inquiries from the obligor. This fact is evidenced by the allegations contained in Plaintiff's Complaint and the attached exhibits detailing all

---

[12] The only written correspondence that Plaintiff alleges to have sent are as follows: (1) a letter dated August 14, 2006 which was mailed to Household Credit Services at P.O. Box 98706, Las Vegas, NV 89193 (Plaintiff's Exhibit "A"); (2) a letter dated May 21, 2007 which was mailed to HSBC Bank of Nevada, N.A. at P.O. Box 80055, Salinas, CA 93912-0055 (Plaintiff's Exhibit "G"); (3) a letter dated July 19, 2007 which was mailed to HSBC Bank of Nevada, N.A. at P.O. Box 80055, Salinas, CA 93912-0055 (Plaintiff's Exhibit "K"); (4) a letter dated October 21, 2007 which was mailed to HSBC Bank of Nevada, N.A. at P.O. Box 80055, Salinas, CA 93912-0055 (Plaintiff's Exhibit "U"); (5) a letter dated January 11, 2008 which was mailed to HSBC Bank Nevada, N.A. at P.O. Box 80055, Salinas, CA 93912-0055 (Plaintiff's Exhibit "Y"); and (6) a letter dated February 15, 2008 which was mailed to HSBC Bank, N.A. at P.O. Box 5253, Carol Stream, IL 60197 (Plaintiff's Exhibit "BB").

written correspondence sent to HSBC by the Plaintiff. *See* 15 U.S.C. §1666, *see also* 15 U.S.C. § 1637(b)(10). Therefore, HSBC respectfully requests that this Court enter an Order dismissing Count V of Plaintiff's Complaint because Plaintiff cannot maintain a cause of action against HSBC pursuant to §1666.

Further, Count V of Plaintiff's Complaint seeks actual and statutory damages contrary to the FCBA's clear language. 15 U.S.C. §1666(e) provides the remedy for violation of the FCBA, 15 U.S.C. § 1666:

> Any creditor who fails to comply with the requirements of this section . . . forfeit any rights to collect from the obligor the amount indicated by the obligor under paragraph (2) of subsections (a) of this section, and any finance charges thereon, except that the amount required to be forfeited under this section may not exceed $50.

15 U.S.C. §1666(e). Here, Plaintiff improperly seeks actual and statutory damages pursuant to 15 U.S.C. §1640, *et. seq.* for HSBC's alleged violations of the FCBA. However, §1666 does not contemplate civil liability as set forth in 15 U.S.C. §1640, *et. seq.*, but merely forfeits any right to collect from obligor the amount of such billing error, and any finance charges thereon. 15 U.S.C. §1666(e). Therefore, Plaintiff's request for actual and statutory damages must be stricken.

Based on the foregoing, HSBC respectfully requests that this Court enter an Order dismissing Count V of Plaintiff's Complaint because Plaintiff cannot maintain a cause of action against HSBC pursuant to §1666.

## IV. CONCLUSION

WHEREFORE, Defendant, HSBC BANK USA, N.A., respectfully requests that this Court enter an Order dismissing the Complaint filed by the Plaintiff, MICHAEL N.

PHAN, with prejudice as it pertains to HSBC, and award any and all other relief this Court deems just and proper.

                                          Respectfully submitted,

                                          */s/ David S. Hendrix, Esq.*

                                          David Hendrix, Esq.
                                          Florida Bar No. 827053
                                          dhendrix@gray-robinson.com
                                          Kim Hernandez Vance, Esq.
                                          Florida Bar No. 0138193
                                          kvance@gray-robinson.com
                                          GrayRobinson, P.A.
                                          P.O. Box 3324
                                          Tampa, FL 33601-3324
                                          813-273-5000
                                          813-273-5145 (fax)
                                          *Attorneys for HSBC Bank USA, N.A.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the forgoing has been electronically filed on this 17th day of October, 2008 with the United States District Court, Southern District of Florida by using the CM/ECF system, which Notice of electronic filing will be electronically mailed to: Michael N. Phan, 9401 Osprey Branch Trail Unit 9, Jacksonville, FL 32257 **Pro Se Plaintiff.**

                                          */s/ David S. Hendrix*

                                          David S. Hendrix, Esq.